FILED
JOHN P. HEHMAN
CLERK

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

2013 FEB 25  AM 10: 59

U.S. DISTRICT COURT
SOUTHERN DIST. OHIO
EAST. DIV. COLUMBUS

|  |  |
|---|---|
| **Renee K. Trimbur**<br>1306 Windtree Court<br>New Albany Ohio 43054, | ) )<br>)<br>)<br>) |
| **The Kyron Tool & Machine Co., Inc.**<br>2900 Banwick Road<br>Columbus Ohio 43232, and | )<br>)<br>)<br>) |
| **C4R'S LLC**<br>1306 Windtree Court<br>New Albany Ohio 43054, | )<br>)<br>) |
| *Plaintiffs* | )<br>)<br>) |
| v. | )<br>) |
| **Norfolk Southern Corporation**<br>c/o Roger A. Petersen<br>Three Commercial Place<br>Norfolk VA 23510, | )<br>)<br>)<br>)<br>) |
| and | )<br>) |
| **Norfolk Southern Railway Company**<br>c/o Roger A. Petersen<br>Three Commercial Place<br>Norfolk VA 23510, | )<br>)<br>)<br>)<br>) |
| *Defendants* | )<br>) |

Civil Action No. _____

2:13 C V 0 1 6 0

JUDGE SARGUS

MAGISTRATE JUDGE KING

COMPLAINT
( DEMAND FOR JURY)

1

## PARTIES TO THE ACTION;
## AMOUNT IN CONTROVERSY

1.   Plaintiff Renee K. Trimbur is a citizen of Franklin County, Ohio.

       1.2   Plaintiff Renee K. Trimbur resides at 1306 Windtree Court, New Albany, Franklin County, Ohio 43054.

2.   Plaintiff The Kyron Tool & Machine Co., Inc. is a corporation incorporated under the laws of Ohio with its principal place of business in Franklin County, Ohio.

       2.1   The principal place of business of Plaintiff The Kyron Tool & Machine Co., Inc., is 2900 Banwick Road, Columbus, Franklin County, Ohio 43232.

3.   Plaintiff C4R'S LLC is a limited liability corporation organized under the laws of Ohio with its principal place of business in Franklin County, Ohio.

2

3.1 The principal place of business of Plaintiff C4R'S LLC is 1306 Windtree Court, New Albany, Franklin County, Ohio 43054.

4. Defendant Norfolk Southern Corporation is a corporation incorporated under the laws of Virginia with its principal place of business in Virginia.

4.1 The principal place of business of Defendant Norfolk Southern Corporation is c/o Roger A. Petersen, Three Commercial Place, Norfolk VA 23510.

5. Defendant Norfolk Southern Railway Company is a corporation incorporated under the laws of Virginia with its principal place of business in Virginia. Defendant Norfolk Southern Railway Company is registered with the Ohio Secretary of State as a foreign corporation.

5.1 The principal place of business of Defendant Norfolk Southern Railway Company is c/o Roger A. Petersen, Three Commercial Place, Norfolk VA 23510.

5.2 Defendant Norfolk Southern Railway Company operates a large freight railroad in numerous states, including Ohio. Defendant Norfolk Southern Railway Company operates the trains, employs

3

the train crews involved and owns, leases, maintains and controls the tracks on which Norfolk Southern trains travel.

6.      The amount in controversy, without interest and costs, exceeds the sum or value specified by 28 U.S.C. § 1332.

## FACTUAL ALLEGATIONS

7.      On or about July 11, 2012 at approximately 2:05 A. M., a freight train operated by Defendant Norfolk Southern Railway Company derailed along a stretch of track bordering real estate owned by Plaintiff C4R'S LLC and real estate owned or leased by Plaintiff The Kyron Tool & Machine Co., Inc.

8.      At least three of the derailed cars contained flammable, hazardous materials that were being transported in DOT-111 tanker cars.

9.      Defendant Norfolk Southern Railway Company knew or should have known that the DOT-111 tanker cars involved in the incident were prone to  rupture, breach and leakage in the event of a derailment or explosion.

10.     Following the derailment (i) at least three of the DOT-111 tanker cars ruptured, resulting in an explosion and fire which took authorities over seven hours to contain, and (ii) due to safety concerns, the immediate area around the derailment

4

was forcefully evacuated for several days and only public safety officials and Norfolk Southern personnel and Norfolk Southern agents and contractors were permitted access to the site.

11.    In the aftermath of the explosion and fire, Defendant Norfolk Southern Railway Company and Defendant Norfolk Southern Corporation and their agents and contractors deliberately and continuously misled the Plaintiffs about the contents of the derailed cars, the effects of the hazardous materials released into the air and soil, and the safety measures necessary to prevent injury to people exposed to these chemicals or contaminated materials.

12.    As a result of this explosion and fire, the land bordering the track and several other neighboring lots owned by Plaintiff C4R'S LLC and owned or leased by Plaintiff The Kyron Tool & Machine Co., Inc., as well as the buildings on these lots, were contaminated by the release of the hazardous materials.

13.    As a result of the hazardous materials that were spilled and the toxic fumes released in connection with the explosion, the fire, the fire suppression activities, and Defendants' limited and sometimes counterproductive remediation efforts, Plaintiff C4R'S LLC and Plaintiff The Kyron Tool & Machine Co., Inc. have been unable to utilize the land and facilities near the derailment site for their intended purposes, resulting not only in lost income and increased expenses but also on-going exposure to environmental liability.

14.     As a result of the exposure to the chemicals and contaminated materials and

        Defendant's deception, Plaintiff Renee K. Trimbur, who is an employee and

        officer of Plaintiff The Kyron Tool & Machine Co., Inc. and a member of Plaintiff

        C4R'S LLC, has suffered bodily harm.

### FIRST CAUSE OF ACTION
Negligence
against all Defendants

15.     Plaintiffs reallege and incorporate by reference herein each and every allegation

        contained in paragraphs 1 through 14.


16.     At all times relevant to this action, either Defendant Norfolk Southern Corporation

        or Defendant Norfolk Southern Railway Company operated the above referenced

        train as well as owned or leased the track upon which the train traveled.


17.     At all times relevant, either Defendant Norfolk Southern Corporation or Defendant

        Norfolk Southern Railway Company employed the train crews involved in

        maintaining and operating the train, owned, leased, maintained or were otherwise

        responsible for the cars in the train, including, without limitation, the DOT-111

        tanker cars, and owned, leased, maintained, and controlled the tracks on which the

        train traveled.


18.     Defendants had a duty to conduct themselves and their operations in a safe

        manner, to operate and maintain the track, locomotives, and cars, including,

6

without limitation, the DOT-111 tanker cars, in a safe manner, to reject for inclusion within their train any cars, including, without limitation, any DOT-111 tanker cars, that are known to be unsafe, and to train personnel and implement appropriate methods and devices so as to prevent derailments that would endanger the communities through which Norfolk Southern trains pass.

19.    The derailment, subsequent leak of hazardous materials, and resulting damages to Plaintiffs were proximately caused by the negligent acts of Defendants, including but not limited to:

19.1    Failing to operate, maintain and control the track in a reasonable and safe manner including, without limitation, failing to identify the fact that the curve of the track created a greater risk of derailment;

19.2    Failing to operate, maintain and control the above-referenced train in a reasonable and safe manner;

19.3    Failing to warn about the dangerous characteristics of their train, the track, and the materials being transported;

19.4    Failing to exercise reasonable care to protect the real and personal property of Plaintiff C4R's LLC and Plaintiff The Kyron Tool &

7

Machine Co., Inc. and other businesses and individuals located in the communities through which Defendants' trains pass;

19.5    Failing to exercise reasonable care in the hiring, training, supervision, and retention of their employees, agents and contractors in general;

19.6    Failing to provide Defendants' employees, agents and contractors with the training, methods, and knowledge as to reasonably safe and sufficient safety measures, devices, and warnings in the handling of hazardous materials transported on their trains over their tracks;

19.7    Failing to conform to state law and other regulations governing train and railroad safety;

19.8    Failing to conform to a reasonable standard of conduct under the totality of the circumstances;

19.9    Failing to develop or implement an adequate emergency preparedness plan and to provide equipment to control or otherwise mitigate the release of toxic or hazardous materials carried or hauled by Defendants' trains;

8

19.10   Negligently failing to adequately train and instruct its personnel in the safe performance of their assigned tasks;

19.11   Negligently failing to adequately train and instruct its personnel in safety procedures following a derailment;

19.12   Negligently failing to implement proper remediation efforts or provide reasonably competent supervision of its agents and contractors' remediation efforts following the derailment; and

19.13   Such other and further particulars as may be found during discovery.

20.   As a proximate result of the foregoing actions or omissions of Defendant Norfolk Southern Railway Company and Defendant Norfolk Southern Corporation, which amount to a conscious disregard for the rights and safety of other persons that had a great probability of causing substantial harm, Plaintiffs suffered damage and are entitled to recover actual and punitive damages as determined by a jury.

9

**SECOND CAUSE OF ACTION**
Gross Negligence
against All Defendants

21.     Plaintiffs reallege and incorporate by reference herein each and every allegation
contained in paragraphs 1 through 20.

22.     The derailment, subsequent release of hazardous materials, and resulting damages
to Plaintiffs were proximately caused by the wilful, wanton, reckless, and grossly
negligent acts of Defendants, including but not limited to:

22.1    Failing to operate, maintain and control the track in a reasonable
and safe manner including, without limitation, failing to identify the
fact that the curve of the track created a greater risk of derailment;

22.2    Failing to operate, maintain and control the above-referenced train
in a reasonable and safe manner;

22.3    Failing to warn about the dangerous characteristics of their train,
the track, and the materials being transported;

22.4    Failing to exercise reasonable care to protect the real and personal
property of Plaintiff C4R's LLC and Plaintiff The Kyron Tool &
Machine Co., Inc. and other businesses and individuals located in
the communities through which Defendants' trains pass;

10

22.5    Failing to exercise reasonable care in the hiring, training, supervision, and retention of their employees, agents and contractors in general;

22.6    Failing to provide Defendants' employees, agents and contractors with the training, methods, and knowledge as to reasonably safe and sufficient safety measures, devices, and warnings in the handling of hazardous materials transported on their trains over their tracks;

22.7    Failing to conform to state law and other regulations governing train and railroad safety;

22.8    Failing to conform to a reasonable standard of conduct under the totality of the circumstances;

22.9    Failing to develop or implement an adequate emergency preparedness plan and to provide equipment to control or otherwise mitigate the release of toxic or hazardous materials carried or hauled by Defendants' trains;

22.10   Negligently failing to adequately train and instruct its personnel in the safe performance of their assigned tasks;

11

22.11   Negligently failing to adequately train and instruct its personnel in safety procedures following a derailment;

22.12   Negligently failing to implement proper remediation efforts or provide reasonably competent supervision of its agents and contractors' remediation efforts following the derailment; and

22.13   Such other and further particulars as may be found during discovery.

23.   As a proximate result of the foregoing actions of Defendant Norfolk Southern Railway Company and Defendant Norfolk Southern Corporation, which amount to a conscious disregard for the rights and safety of other persons that had a great probability of causing substantial harm, Plaintiffs suffered damage and are entitled to recover actual and punitive damages as determined by a jury.

## THIRD CAUSE OF ACTION
### Negligence *Per Se*
### against all Defendants

24.   Plaintiffs reallege and incorporate by reference herein each and every allegation contained in paragraphs 1 through 23.

25.   Prior to the derailment and explosion referred to above, Defendants breached statutes and regulations governing Defendants' ownership, leasing, control, operation, use, maintenance, and inspection of freight trains, DOT-111 tanker cars

and tracks, as well as the transportation and handling of hazardous materials; Defendants are therefore guilty of negligence *per se*.

26.    The derailment, explosion, subsequent release of hazardous materials, and the resulting damages to Plaintiffs were proximately caused by the negligence *per se* of Defendants, shown through the conduct described above.

27.    As a proximate result of the foregoing actions or omissions of Defendant Norfolk Southern Railway Company and Defendant Norfolk Southern Corporation, which amount to a conscious disregard for the rights and safety of other persons that had a great probability of causing substantial harm, Plaintiffs suffered damage and are entitled to recover actual and punitive damages by a jury.

### FOURTH CAUSE OF ACTION
Common Law Strict Liability
against All Defendants

28.    Plaintiffs reallege and incorporate by reference herein each and every allegation contained in paragraphs 1 through 27.

29.    In transporting hazardous materials, Defendants are engaged in ultra-hazardous activities and the use of dangerous instrumentalities. As such, Defendants are strictly liable for any damages that arise from those ultra-hazardous activities and the use of dangerous instrumentalities.

13

30.     As a direct and proximate result of the ultra-hazardous activities and use of dangerous instrumentalities by Defendants, Plaintiffs suffered the damages described above.

31.     Pursuant to both common law strict liability and the law of Ohio [*see* Restatement of Torts (Second) §§ 519 and 520], Defendants are strictly liable for the damages and injuries to Plaintiffs.

32.     Due to Defendants' strict liability, Plaintiffs are entitled to recover actual damages as determined by a jury.

### FIFTH CAUSE OF ACTION
Nuisance
against All Defendants

33.     Plaintiffs reallege and incorporate by reference herein each and every allegation contained in paragraphs 1 through 32 above.

34.     Plaintiff C4R'S LLC and Plaintiff The Kyron Tool & Machine Co., Inc. have actual and exclusive possession of and title to real and personal property damaged by the above-described derailment, explosion and release of hazardous materials.

35.     Defendants have intentionally, purposely, unreasonably, and unlawfully hurt, inconvenienced, damaged, and interfered with Plaintiff C4R'S LLC and Plaintiff

14

The Kyron Tool & Machine Co., Inc.'s quiet and exclusive enjoyment of its real and personal property.

36.    Defendants' above-described nuisance has directly resulted in damages to the real and personal property of Plaintiff C4R'S LLC and Plaintiff The Kyron Tool & Machine Co., Inc., including, without limitation, damages associated with exposing Plaintiff C4R'S LLC and Plaintiff  The Kyron Tool & Machine Co., Inc. to on-going environmental liability.

37.    As a result of the above-described nuisance, Plaintiff C4R'S LLC and Plaintiff The Kyron Tool & Machine Co., Inc. are entitled to judgment against Defendants.

### SIXTH CAUSE OF ACTION
Trespass
against All Defendants

38.    Plaintiffs reallege and incorporate by reference herein each and every allegation contained in paragraphs 1 through 37.

39.    Plaintiff C4R'S LLC and Plaintiff The Kyron Tool & Machine Co., Inc. have actual possession of and title to real property damaged by the above-described derailment, explosion and release of hazardous materials.

40.    Defendants have interfered with Plaintiff C4R'S LLC and Plaintiff The Kyron Tool & Machine Co., Inc.'s quiet and exclusive enjoyment of the real property as

15

described above, and exposed Plaintiff C4R'S LLC and Plaintiff  The Kyron Tool & Machine Co., Inc. to on-going environmental liability.

41.   Defendants' above-described trespass has directly resulted in damage to the real property of Plaintiff C4R'S LLC and Plaintiff The Kyron Tool & Machine Co., Inc.

42.   As a result of the above-described trespass, Plaintiff C4R'S LLC and Plaintiff The Kyron Tool & Machine Co., Inc. are entitled to judgment against Defendants for actual and punitive damages as determined by a jury.

## SEVENTH CAUSE OF ACTION
### Punitive Damages
### against All Defendants

43.   Plaintiffs reallege and incorporate by reference herein each and every allegation contained in paragraphs 1 through 42.

44.   Upon Plaintiffs' information and belief, Defendants knew of the hazards attendant to the handling, use, transportation, inspection and/or protection of the dangerous materials Defendants were transporting and knew that exposure to these dangerous materials involved a serious risk of personal injury to persons and damage to property.

16

45.     Upon Plaintiffs' information and belief, Defendants knew that the DOT-111 tanker

        cars Defendants used to transport dangerous materials were subject to rupture,

        breach and leakage in the event of a derailment or explosion.

46.     In spite of Defendants' knowledge of the hazards associated with the dangerous

        materials and the risks posed by exposure to such materials, and despite

        Defendants' prior history of derailments, explosions and subsequent toxic releases

        and its knowledge of defects in the DOT-111 tanker cars Defendants used to

        transport dangerous materials, Defendants, intentionally or with wanton and

        reckless disregard for the public safety, failed to take protective measures to

        prevent the derailment and explosion from occurring.

47.     In spite of Defendants' knowledge of the hazards associated with the dangerous

        materials and the risks posed by exposure to such materials, and despite

        Defendants' prior history of derailments, breaches, ruptures, explosions and

        subsequent toxic releases and its knowledge of defects in the DOT-111 tanker cars

        Defendants used to transport dangerous materials, Defendants, intentionally or

        with wanton and reckless disregard for the public safety, used DOT-111 tanker

        cars that released dangerous materials in connection with a derailment and

        explosion even though safer tanker cars were available.

48.     As a result of the foregoing intentional or wanton and reckless conduct by

        Defendants, the derailment, explosion and subsequent toxic releases occurred,

exposing Plaintiffs' facilities, associates and property to the release of hazardous materials and causing the damage described above.

49.    As a result of exposure to the hazardous materials transported by Defendants, Plaintiffs have suffered and sustained substantial injuries.

50.    Due to the derailment, explosion and the ensuing adverse environmental impact on Plaintiff C4R'S LLC and Plaintiff The Kyron Tool & Machine Co., Inc.'s land and facilities, Plaintiff C4R'S LLC and Plaintiff The Kyron Tool & Machine Co., Inc. have suffered substantial damage to the intrinsic and long-term value of their land and facilities and have been exposed to on-going environmental liability.

51.    Plaintiff C4R'S LLC and Plaintiff The Kyron Tool & Machine Co., Inc.  allege that as a result of the aforesaid damages, they have been forced to incur substantial expenses for attorneys, consultants, contractors, and experts, which expenses will continue in the forseeable future. Defendants' actions show willful misconduct, malice, wantonness, oppression, and/or an entire want of care that would raise a presumption of a conscious indifference to consequences. Consequently, Defendants are subject to punitive damages in an amount sufficient to punish Defendants and deter them from wrongful conduct.

18

## EIGHTH CAUSE OF ACTION

Attorneys' Fees and Costs

against All Defendants

52.     Plaintiffs reallege and incorporate by reference herein each and every allegations contained in paragraphs 1 through 51.

53.     Defendants have acted in bad faith and have caused Plaintiffs unnecessary trouble and expense.

54.     Pursuant to applicable law, Plaintiffs are entitled to recover its expenses of litigation, including attorneys' fees.

## PRAYER FOR RELIEF

Wherefore, Plaintiffs demand judgment against the Defendants as follows:

(a)     That this case be tried by a jury;

(b)     That this Court enter a judgment in favor of Plaintiffs and against Defendants, jointly and severally, for compensatory damages in such sum as may be found to have been incurred after trial, which consist of at least $75,000, exclusive of interest and costs;

19

(c)     That this Court enter a judgment in favor of Plaintiffs and against Defendants, jointly and severally, for punitive damages as determined by a jury;

(d)     That Plaintiffs recover interest that has accrued on such damages;

(e)     That Plaintiff's recover attorneys' fees and the costs of filing and prosecuting this action; and

(f)     That this Court grant Plaintiffs such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, the Plaintiffs demand trial by jury for all issues triable in this action.

Respectfully submitted,

Renee K. Trimbur,
The Kyron Tool & Machine Co., Inc., and
C4R'S LLC

By:_____
     Ruthellen Quillen Weaver (0029674)
     542 S. Drexel Avenue
     Bexley OH 43209-2100
     (614) 224-5811
     Fax: (614) 224-5814

February 19, 2013

20