```
          IN THE UNITED STATES DISTRICT COURT
           FOR THE SOUTHERN DISTRICT OF OHIO
                    EASTERN DIVISION
```

**RENEE K. TRIMBUR,** *et al.*,

       **Plaintiffs,**

  vs.                                      Civil Action 2:13-cv-0160
                                                      Judge Sargus
                                                      Magistrate Judge King

**NORFOLK SOUTHERN CORPORATION,**
*et al.*,

       **Defendants.**

## OPINION AND ORDER

      Renee K. Trimbur, the Kyron Tool & Machine Co., Inc., and C4R'S, LLC, ("plaintiffs") filed this action against Norfolk Southern Corporation ("NSC") and Norfolk Southern Railway Company ("NSRC") (collectively "defendants"), asserting claims of negligence, gross negligence, negligence *per se*, strict liability, nuisance, and trespass in connection with a train derailment adjacent to property owned or leased by the plaintiffs. On August 14, 2014, the Court granted in part and denied in part plaintiffs' June 11, 2014 motion to compel discovery. *Opinion and Order*, Doc. No. 52. Specifically, the Court denied, without prejudice to renewal in a motion to be filed no later than August 26, 2014, plaintiffs' motion to the extent that the motion sought to compel response to interrogatories:

> Plaintiffs have not provided the Court with sufficient
> information to determine what interrogatories are at issue,
> let alone to determine whether the discovery sought is
> relevant. The Court will not sift through defendants'
> responses to plaintiffs' interrogatories in an attempt to

> determine the particular response or responses to which plaintiffs may object or which, if any, responses were deficient.

*Id.*, at PAGEID# 729-30. This matter is now before the Court *Plaintiffs' Renewed Motion to Compel Defendants to Respond to Interrogatories* ("*Plaintiffs' Motion*"), Doc. No. 56, which was filed on August 26, 2014. Defendants oppose *Plaintiffs' Motion*. *Defendants' Response*, Doc. No. 59. Plaintiffs have filed a reply. *Plaintiffs' Reply*, Doc. No. 65. For the reasons that follow, *Plaintiffs' Motion* is **DENIED**.

Rule 37 of the Federal Rules of Civil Procedure authorizes a motion to compel discovery when a party fails to provide a proper response to an interrogatory under Rule 33. Fed. R. Civ. Pro. 37(a)(3)(B). However, the party moving to compel discovery must certify that it "has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1). *See also* S.D. Ohio Civ. R. 37.2.

Plaintiffs propounded their interrogatories on August 2, 2013, and contend that defendants have not adequately responded to those interrogatories. *Plaintiffs' Motion*, p. 2. *Plaintiffs' Motion* seeks to compel response or supplemental response to nine interrogatories propounded by plaintiff Trimbur, to 15 interrogatories propounded by plaintiff The Kyron Tool & Machine Co., Inc., and to 17 interrogatories propounded by plaintiff C4R's LLC. Plaintiffs' counsel has certified that extrajudicial measures have been undertaken

in an effort to resolve this discovery dispute prior to filing *Plaintiffs' Motion*.  *See Plaintiffs' Motion*, Exhibit A.  This Court disagrees.

Plaintiffs' only attempt to resolve the current discovery dispute amounts to a letter dated November 21, 2013, in which plaintiffs asserted general objections to defendants' discovery responses.  *See Plaintiffs' Motion*, Exhibit A; *Defendants' Response*, Exhibit 8; *Plaintiffs' Reply*, pp. 1-3.  Plaintiffs have not indicated that they made any effort to resolve the current dispute between November 2013 and the time they filed *Plaintiffs' Motion* on August 26, 2014.  Rather, plaintiffs seem to suggest that the Court's resolution of earlier disputes satisfies their obligation to utilize extrajudicial means to resolve discovery disputes. *Plaintiffs' Reply*, pp. 2-3 ("At this point in the proceedings, after judicial intervention has been required to obtain Defendants' compliance with all other discovery requests, Loc.R. 37 has been satisfied."). However, the existence and resolution of earlier disputes have no bearing on whether counsel have exhausted all extrajudicial means for resolving their current differences.  *See* S.D. Ohio Civ. R. 37.1 ("Objections, motions, applications, and requests relating to discovery shall not be filed in this Court under any provision in Fed. R. Civ. P. 26 or 37 unless counsel have first exhausted among themselves all extrajudicial means for resolving the differences.").  Certainly, the exhaustion requirement requires, at a minimum, that counsel have discussed the particular issues presented to the court.  Moreover, this Court is not

3

convinced that the parties' dispute has reached impasse; it appears to this Court that further discussion between counsel regarding plaintiffs' actual concerns could resolve many of the issues raised in *Plaintiffs' Motion*. The fact that the Court, in its August 14, 2014 *Opinion and Order*, required that any renewed motion be filed by August 26, 2014 cannot and should not be read as exempting plaintiffs from attempting to resolve, extrajudicially, their current, specific discovery concerns.

Accordingly, *Plaintiffs' Motion*, Doc. No. 56, is **DENIED**.


September 23, 2014                              *s/Norah McCann King*
                                                  Norah M$^c$Cann King
                                          United States Magistrate Judge