IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**RENEE K. TRIMBUR**, *et al.*,

    **Plaintiffs,**

vs.

    Case No. 2:13-cv-0160
    **JUDGE EDMUND A. SARGUS, JR.**
    Magistrate Judge Norah McCann King

**NORFOLK SOUTHERN CORPORATION,**
*et al.*,

    **Defendants.**

## OPINION AND ORDER

This matter is before the Court on Defendants' Motion for Partial Summary Judgment. (ECF No. 48.) For the reasons set forth below, the Court **DENIES** Defendants' motion.

### I.

On February 25, 2013, Renee K. Trimbur, the Kyron Tool & Machine Co., Inc., and C4R'S, LLC, filed this action against Norfolk Southern Corporation and Norfolk Southern Railway Company, asserting claims of negligence, gross negligence, negligence per se, strict liability, nuisance, and trespass in connection with a train derailment adjacent to property owned or leased by them. This case is scheduled for a settlement conference in February 2015 and for trial in March 2015.

### II.

In Defendants' Motion for Partial Summary Judgment, they move for judgment on all claims pertaining to the "DOT-111" tank cars involved in the derailment. (ECF No. 48.) In Plaintiffs' Memorandum in Opposition they request, *inter alia*, that the Court deny Defendants'

motion without prejudice pursuant to Rule 56(d) of the Federal Rules of Civil Procedure, because "Plaintiffs are unable to present facts essential to their opposition." (ECF No. 54 at 2.) Rule 56(d) provides:

> (d) When Facts Are Unavailable to the Nonmovant. If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
>
> (1) defer considering the motion or deny it;
>
> (2) allow time to obtain affidavits or declarations or to take discovery; or
>
> (3) issue any other appropriate order.

Fed. R. Civ. P. 56(d). Plaintiffs have provided a declaration in support of their request. (ECF No. 54-1.)

The Court notes that on November 21, 2014, Defendants filed a second summary judgment motion ("Defendants' Second Motion for Summary Judgment") (ECF No. 90) as permitted by this Court (ECF No. 71). Before Plaintiffs responded to that motion, they filed two motions to compel ("Plaintiffs' Motions to Compel") (ECF Nos. 92, 93) directed, at least partially, to the discovery Plaintiffs contend they need to respond to Defendants' Motion for Partial Summary Judgment and to Defendants' Second Motion for Summary Judgment. Thus, the Court finds that the most appropriate course of action is to deny without prejudice Defendants' Motion for Partial Summary Judgment pending resolution of Plaintiffs' Motions to Compel.

Additionally, the Court finds that resolution of Plaintiffs' Motions to Compel will impact the current briefing of Defendants' Second Motion for Summary Judgment, which will, in turn, cause the current trial date to be unattainable. Because of the complicated nature of this case and

2

counsels' diligence in meeting the deadlines that have been established, the Court is inclined to reschedule the trial.

### III.

Based on the foregoing, the Court **DENIES** without prejudice to re-filing Defendants' Motion for Partial Summary Judgment. (ECF No. 48.) Further, the Court **VACATES** its Order Setting Trial Date and Settlement Conference. (ECF No. 44.) The Clerk is **DIRECTED** to issue an amended scheduling order forthwith.

**IT IS SO ORDERED.**

_11-25-2014_
**DATE**

_/s/_
**EDMUND A. SARGUS, JR.**
**UNITED STATES DISTRICT JUDGE**