IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

RENEE K. TRIMBUR, *et al.,*

        Plaintiffs,

    vs.                           Civil Action 2:13-cv-0160
                                       Judge Sargus
                                       Magistrate Judge King

NORFOLK SOUTHERN CORPORATION,
*et al.,*

        Defendants.

## OPINION AND ORDER

**I.   Background**

Renee K. Trimbur, the Kyron Tool & Machine Co., Inc., and C4R'S, LLC, ("plaintiffs") filed this action against Norfolk Southern Corporation ("NSC") and Norfolk Southern Railway Company ("NSRC") (collectively "defendants"), asserting claims of negligence, gross negligence, negligence *per se*, strict liability, nuisance, and trespass in connection with a train derailment adjacent to property owned or leased by the plaintiffs. Several of the derailed cars ruptured, causing explosions and fires and releasing allegedly hazardous materials into the air and soil. *Id.* at ¶¶ 8, 10. Plaintiffs claim that the release of these materials contaminated their property and other properties near the track, including an embankment controlled by one or both defendants. *Id.* at ¶ 12. Plaintiffs allege that, although defendants remediated these properties, plaintiffs' property remains unusable. *Id.* at ¶ 13.

1

Plaintiffs' *Complaint* seeks attorneys' fees and actual and punitive damages.

On May 1, 2013, the Court issued a preliminary pretrial schedule requiring, *inter alia*, that discovery be completed by April 15, 2014. *Preliminary Pretrial Order*, ECF 12.  The *Order* expressly advised the parties that "the discovery completion date requires that discovery requests be made sufficiently in advance to permit timely response by that date." *Id.*  The *Order* also specified that "[d]iscovery related motions, if any, must be filed prior to the discovery completion date." *Id.*  After several discovery disputes and conferences with the Court, *see* ECF 20, 23, 33, 41, 47, 52, the deadline for completing discovery was extended to September 30, 2014, ECF 47, and the deadline for filing dispositive motions was extended to November 21, 2014.  ECF 71.

On August 14, 2014, the Court granted in part and denied in part plaintiffs' June 11, 2014 motion to compel discovery.  *Opinion and Order*, ECF 52.  Specifically, the Court denied, without prejudice to renewal in a motion to be filed no later than August 26, 2014, plaintiffs' motion to the extent that the motion sought to compel response to interrogatories.  Plaintiffs filed a renewed motion to compel response to interrogatories on August 26, 2014.  ECF 56.  That motion was denied on September 23, 2014, for failure to exhaust extrajudicial means for resolving the parties' dispute.  ECF 68.  In denying the motion on this basis, the Court observed that "further discussion between counsel regarding plaintiffs' actual concerns could

resolve many of the issues raised in [the motion]." *Id.* at p. 4.

This matter is now before the Court on *Plaintiffs' Second Renewed Motion to Compel Defendants to Respond to Interrogatories* ("*Motion to Compel Response to Interrogatories*"), ECF 93. Defendants oppose the motion, ECF 99, and plaintiffs have filed a reply. ECF 105. This matter is also before the Court on *Plaintiffs' Second Motion to Compel Defendants to Produce Documents* ("*Motion to Compel Production of Documents*"), ECF 92. Defendants oppose plaintiffs' *Motion to Compel Production of Documents*, ECF 98, and plaintiffs have filed a reply. ECF 104. For the reasons that follow, plaintiffs' motions are **GRANTED in part** and **DENIED in part**.

## II.  Standard

Rule 37 of the Federal Rules of Civil Procedure authorizes a motion to compel discovery when a party fails to provide a proper response to an interrogatory under Rule 33 or a proper response to a request for production of documents under Rule 34. Fed. R. Civ. Pro. 37(a)(3)(B). "The proponent of a motion to compel discovery bears the initial burden of proving that the information sought is relevant." *Martin v. Select Portfolio Serving Holding Corp.*, No. 1:05-cv-273, 2006 U.S. Dist. LEXIS 68779, at *2 (S.D. Ohio Sept. 25, 2006) (citing *Alexander v. Fed. Bureau of Investigation*, 186 F.R.D. 154, 159 (D.D.C. 1999)).

Rule 26(b) provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). Relevance for discovery

purposes is extremely broad. *Lewis v. ACB Bus. Servs., Inc.*, 135 F.3d 389, 402 (6th Cir. 1998). "The scope of examination permitted under Rule 26(b) is broader than that permitted at trial. The test is whether the line of interrogation is reasonably calculated to lead to the discovery of admissible evidence." *Mellon v. Cooper-Jarrett, Inc.*, 424 F.2d 499, 500-01 (6th Cir. 1970). However, "district courts have discretion to limit the scope of discovery where the information sought is overly broad or would prove unduly burdensome to produce." *Surles ex rel. Johnson v. Greyhound Lines, Inc.*, 474 F.3d 288, 305 (6th Cir. 2007) (citing Fed. R. Civ. P. 26(b)(2)). *See also Lewis*, 135 F.3d at 402 (determining the proper scope of discovery falls within the broad discretion of the trial court). In determining the proper scope of discovery, a district court balances a party's "right to discovery with the need to prevent 'fishing expeditions.'" *Conti v. Am. Axle & Mfg. Inc.*, 326 F. App'x 900, 907 (6th Cir. 2009) (quoting *Bush v. Dictaphone Corp.*, 161 F.3d 363, 367 (6th Cir. 1998)).

Finally, the party moving to compel discovery must certify that it "has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1). *See also* S.D. Ohio Civ. R. 37.2.

## III. Discussion

Plaintiffs' *Motion to Compel Response to Interrogatories* seeks to compel response or supplemental response to nine interrogatories propounded by plaintiff Trimbur, to 15 interrogatories propounded by

4

plaintiff The Kyron Tool & Machine Co., Inc., and to 17 interrogatories propounded by plaintiff C4R's LLC, which were originally propounded on August 2, 2013. *Motion to Compel Response to Interrogatories*, p. 2. Plaintiffs' *Motion to Compel Production of Documents* seeks to compel production of document requests propounded on August 6, 2014. Plaintiffs' counsel has certified that extrajudicial measures have been undertaken in an effort to resolve this discovery dispute. *See Motion to Compel Response to Interrogatories*, Exhibit A; *Motion to Compel Production of Documents*, Exhibit A.

As an initial matter, defendants argue that plaintiffs' motions should be denied for failure to exhaust extrajudicial means of resolving the disputes. Defendants argue that plaintiffs never presented specific discovery concerns to defendants prior to filing their motions to compel. According to defendants, plaintiff's letter requesting to meet and confer was a "hollow gesture" because it "referred only to non-specific 'ongoing discovery issues.'" ECF 99, pp. 14-15. Defendants compare plaintiffs' motions to their August 26, 2014 motion to compel, which was denied for failure to exhaust extrajudicial means of resolving the dispute addressed in that motion. *See Opinion and Order*, ECF 68.

Local Rule 37.1 provides that discovery related motions "shall not be filed in this Court under any provision in Fed. R. Civ. P. 26 or 37 unless counsel have first exhausted among themselves all extrajudicial means for resolving the differences." S.D. Ohio Civ. R.

37.1.  In denying plaintiffs' August 26, 2014 motion to compel, the Court held that "the exhaustion requirement requires, at a minimum, that counsel have discussed the particular issues presented to the court." *Opinion and Order*, ECF 68, p. 3.  Plaintiffs' only attempt to resolve the prior dispute was a letter containing general discovery objections that had been sent nine months prior to the filing of their motion to compel.  *Id*.  The Court was not convinced that the parties' dispute had reached impasse.  *Id*. at p. 4.

In attempting to resolve the present disputes, plaintiffs sent defendants a letter on October 11, 2014, seeking to meet and confer in an attempt to resolve "numerous open issues with regard to discovery," including those addressed in the current motions to compel.  *See Plaintiffs' Motion to Compel Production*, Exhibit E.  Defendants responded by a letter dated October 16, 2014, refusing to meet and confer or to discuss discovery issues that had arisen prior to the September 30, 2014 discovery completion deadline.  *Id*. at Exhibit F. These positions were reaffirmed in subsequent letters between counsel. *Id*. at Exhibits G, H.

The Court is satisfied that plaintiffs have exhausted all extrajudicial means of resolving their current disputes.  Although the Court previously expressed its belief that further discussions between counsel could resolve many of plaintiffs' concerns, *see Opinion and Order*, ECF 68, p. 4, defendants have apparently refused to discuss the current discovery disputes.  Nothing more is required of plaintiffs.

Defendants next argue that plaintiffs' motions should be denied

as untimely.  As noted *supra*, plaintiffs' motions were filed on November 21, 2014, *i.e.*, almost two months after the September 30, 2014 discovery completion deadline and on the date for filing dispositive motions.  Plaintiffs argue that the September 30, 2014 discovery completion deadline does not preclude motions to compel filed after that deadline so long as the motions address discovery disputes that arose during the discovery period.  Alternatively, plaintiffs seek an extension of the pretrial schedule to permit the filing of their motions to compel.  *Plaintiffs' Motion to Compel Production*, p. 7; *Motion to Compel Response to Interrogatories*; p. 5.

Rule 16(b) requires that the Court, in each civil action not exempt from the operation of the rule, enter a scheduling order that, *inter alia*, limits the time to complete discovery and file motions. Fed. R. Civ. P. 16(b)(3)(A).  The rule further provides that "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4).  *See also* S.D. Ohio Civ. R. 16.2 ("[T]he Magistrate Judge is empowered to . . . modify scheduling orders upon a showing of good cause.").  "'The primary measure of Rule 16's 'good cause' standard is the moving party's diligence in attempting to meet the case management order's requirements.'" *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002) (quoting *Bradford v. DANA Corp.*, 249 F.3d 807, 809 (8th Cir. 2001)).  "A district court should also consider possible prejudice to the party opposing the modification." *Andretti v. Borla Performance Indus., Inc.*, 426 F.3d 824, 830 (6th Cir. 2005) (citing *Inge*, 281 F.3d at 625).  The focus is, however, "primarily upon the diligence of the

movant; the absence of prejudice to the opposing party is not equivalent to a showing of good cause." *Ortiz v. Karnes*, 2:06-cv-562, 2010 WL 2991501, at *1 (S.D. Ohio July 26, 2010) (citing *Tschantz v. McCann*, 160 F.R.D. 568, 571 (N.D. Ind. 1995)). Whether to grant leave under Rule 16(b) falls within the district court's discretion. *Leary v. Daeschner*, 349 F.3d 888, 909 (6th Cir. 2003).

The Court issued a scheduling order on May 1, 2013 requiring, *inter alia*, that discovery related motions be filed prior to the discovery completion date. *Preliminary Pretrial Order*, ECF 12. Plaintiffs' argument that the September 30, 2014 discovery deadline did not govern the filing of motions to compel is therefore without merit.

Plaintiffs next argue that they should be granted an extension of time in which to file *Plaintiffs' Motion to Compel Production* because they were making "good faith efforts" to review discovery and meet and confer prior to the filing of the motion. *Plaintiffs' Motion to Compel Production*, p. 7. Plaintiffs' argument is not well taken. Defendants responded to plaintiffs' request for production of documents on September 2, 2014. *Id*. at Exhibit C. Defendants' response asserted several objections and referred plaintiffs to two prior responses to requests for production. *Id*. at Exhibit C, p. 6. Plaintiffs apparently took from September 2, 2014 until October 11, 2014, "to review the discovery materials already produced by Defendants in this matter" and to determine that defendants had not produced the documents requested by plaintiffs. *Id*. at p. 7.

This general assertion is insufficient to establish that plaintiffs were diligent in attempting to meet the Court's deadlines. Plaintiffs do not indicate how many documents they were required to review or how many hours they spent reviewing defendants' production in order to determine that defendants' response was deficient. Moreover, it is evident from defendants' response to the second request for production that defendants did not in fact produce the documents that plaintiffs now seek.

Plaintiffs make similar arguments in an attempt to justify the late filing of their *Motion to Compel Response to Interrogatories,* and their arguments are similarly unavailing. Plaintiffs also argue that the Court's September 23, 2014 order denying their August 26, 2014 motion to compel permitted them to file the *Motion to Compel Response to Interrogatories* after the September 30, 2014 deadline. *See Motion to Compel Response to Interrogatories*, p. 5. As discussed *supra*, however, plaintiffs' renewed motion to compel was denied for failure to exhaust extrajudicial means of resolving the dispute. *Opinion and Order*, ECF 68, pp. 3-4. The Court did not extend the case schedule to permit plaintiffs to re-file their motion. Moreover, the Court is unpersuaded by plaintiffs' representation that they were reviewing "the voluminous discovery responses" from the September 23, 2014 denial of their renewed motion to compel until October 11, 2014, when plaintiffs asked to meet and confer with defendants. Plaintiffs' *Motion to Compel Response to Interrogatories* is nearly identical in substance to their August 2014 motion to compel, and the request to

meet and confer merely states that defendants had objected to plaintiffs' interrogatories.  *See Motion to Compel Response to Interrogatories*, Exhibit B.  Considering the foregoing, the Court simply cannot say that plaintiffs were diligent in attempting to meet the Court's deadlines.

Nevertheless, the Court will consider plaintiffs' motions. Although it would have been preferable for plaintiffs to seek clarification of the September 23, 2014 order and its impact on the deadline for filing motions to compel, plaintiff's interpretation of that order is not unreasonable.  Moreover, the Court has already amended the trial schedule to accommodate plaintiffs' motions, ECF 97, and the Court prefers that cases be tried on the merits.  The Court also notes that to entertain the merits of plaintiffs' motions carries little risk of prejudice to defendants.  Defendants argue that they will be prejudiced by additional briefing of dispositive motions and having to re-file their motion for partial summary judgment.  ECF 99, pp. 3 n.4, 14 n.11.  However, defendants have already re-filed their motion for partial summary judgment, ECF 106, and any additional briefing of the motions for summary judgment will assist the Court in resolution of the motions.

The Court therefore now turns to the substance of *Plaintiffs' Motion to Compel Production*.  By that motion, plaintiffs seek to compel response to their Second Joint Request for Production of Documents, which was propounded on August 6, 2014:

> (1) Any and all documents relating to any and all water or
> liquid sampling, soil sampling, free product sampling, air

quality sampling, or any other type of environmental
sampling, tests, test results, or other assessments
performed during the post-derailment period, specifically:

• Anything that shows the derailment site is free of
hazardous materials, particularly dioxins, cresols,
pentachlorophenol, as well as TCLP metals; and

• Any and all environmental samplings, laboratory or other
tests, test results or other assessments taken or performed
during the post-derailment period to determine potential
toxic and hazardous products of incomplete combustion in
soil, water or liquid, free product, and air that are or
were associated with the derailment site or the train
derailment that occurred in Columbus, Ohio on or about July
11, 2012.

(2) Any and all documents relating to any and all testing,
test results, sampling, or other assessments taken or
performed by Norfolk Southern or any agent, contractor, or
subcontractor, from January 1, 2008 until the present, on
any railroad right of way or railroad embankment owned or
controlled by Norfolk Southern anywhere in the continental
United States, that was specifically performed to identify
or measure dioxins, herbicides, pesticides, or
pentachlorophenol.

*Plaintiffs' Motion to Compel Production*, Exhibit B.

With regard to the first request, the parties disagree whether
testing performed on the contents of roll-off containers is relevant
to this action.  Defendants argue that the disputed tests are not
relevant because the roll-off containers were not housed on
plaintiffs' property and because the containers contained soil from in
and around drums that were not on plaintiffs' property "and had
nothing to do with the derailment."  ECF 98, pp. 4, 6-7.  The drums
referred to by defendants were apparently buried on the south
embankment and were inadvertently dug up during the remediation
process.  *Id*. at pp. 4 n.2, 6.  The parties dispute whether the roll-

off containers were ever on the north embankment, where plaintiffs'
property is located. *See, e.g.*, *id*. at p. 5 n.3; ECF 104, p. 2.

This is not the first time that the parties have disagreed
whether evidence related to the cleanup and remediation of the south
embankment is relevant to plaintiffs' claims that defendants failed to
properly remediate plaintiffs' property on the north embankment. In
ruling on a previous motion to compel, the Court noted the following:

> Plaintiffs have produced evidence that the north embankment
> at the derailment site was often used as a staging,
> processing, and remediation site for contaminants on both
> sides of the tracks and that contaminated materials were
> moved between the two embankments during cleanup. *See
> Plaintiffs' Reply*, Exhibits E, G. Plaintiffs represent
> that contractors worked on both sides of the embankment
> during cleanup and, as one would expect, their invoices do
> not distinguish between work done on each embankment. *Id*.
> at p. 5. Similarly, a draft Preliminary Environmental
> Activities Derailment report prepared on behalf of NSC does
> not distinguish between the north and south embankments.
> *Id*. at Exhibit F. Based on the foregoing, the Court
> concludes that, due to the nature of the derailment and
> cleanup, evidence of the cleanup and remediation of the
> south embankment may be relevant to the issues in the case.
> Considering that both embankments were, at least to some
> extent, cleaned up simultaneously and by the same
> contractors, evidence related to the cleanup and
> remediation of the south embankment is likely to lead to
> the discovery of admissible evidence. It is also noted
> that the Court previously found that plaintiffs are
> entitled to discover what, if any, hazardous materials
> remain on defendants' property after defendants'
> remediation efforts. *Opinion and Order*, Doc. No. 41. In
> permitting plaintiffs entry onto defendants land to take
> soil samples and conduct field and laboratory tests for
> this purpose, the Court found that discovery related to the
> contamination and remediation of defendants' property
> (*i.e.*, the south embankment) was relevant to plaintiffs'
> nuisance claim.

*Opinion and Order*, ECF 52, pp. 8-9.  This analysis also applies here.
Plaintiffs must therefore produce documents responsive to this request
within seven (7) days.

Plaintiffs' second request for production of documents seeks
documents related to testing performed by defendants in the past six
years on any railroad right of way or embankment controlled by
defendants in the continental United States that was performed to
identify or measure specific chemicals.  Plaintiffs argue that the
requested discovery will assist in determining background levels of
contaminants on plaintiffs' property prior to the train derailment.
*Plaintiffs' Motion to Compel Production*, pp. 9-10.  Plaintiffs also
argue that the testing is relevant to a determination of whether
defendants performed the proper testing in this instance and whether
defendants knew of the risks of failing to properly remediate after
the derailment.  *Id*.  Defendants argue that plaintiffs' request in
this regard is overly broad and seeks irrelevant documents not
reasonably calculated to lead to the discovery of admissible evidence.
ECF 98, pp. 8-11.  The Court agrees.

Plaintiffs' second request is not reasonably calculated to lead
to the discovery of admissible evidence.  It is entirely unclear how
soil testing from railroad right-of-ways and embankments from around
the country and in entirely different soil conditions would be
relevant to a determination of the background levels of contaminants
on plaintiffs' property before the derailment.  Moreover, defendants
represent that they do not conduct random soil sampling along railroad

13

right-of-ways and that they test soil only in response to a spill or "incident." *Id*. at p. 2.  Plaintiffs' arguments to the contrary notwithstanding, testing from unrelated train spills and incidents has no bearing on what contaminants were on plaintiffs' property prior to the train derailment or whether defendants properly remediated plaintiffs' property.

The Court will now turn to plaintiffs' *Motion to Compel Response to Interrogatories*, which seeks to compel response to interrogatories originally propounded on August 2, 2013.  Plaintiffs argue that defendants' answers improperly refer to documents, improperly utilize boilerplate objections, improperly invoke the doctrine of federal preemption, and improperly refuse to answer interrogatories that call for opinions. Plaintiffs also complain that defendants have never supplemented their answers.

Plaintiffs first argue that, in response to several interrogatories, defendants improperly referred to documents instead of providing narrative answers.  Rule 33(d) gives a party responding to interrogatories the option of producing business records.  Fed. R. Civ. P. 33(d).  This option exists "[i]f the answer to an interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing a party's business records (including electronically stored information), and if the burden of deriving or ascertaining the answer will be substantially the same for either party."  *Id.*  When these conditions are met,

the responding party may answer by:

**(1)** specifying the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could; and

**(2)** giving the interrogating party a reasonable opportunity to examine and audit the records and to make copies, compilations, abstracts, or summaries.

*Id.* Plaintiffs argue that defendants failed to comply with Rule 33(d) because they failed to specify the records to be reviewed in sufficient detail to enable plaintiffs to locate and identify them as readily as could defendants. *Motion to Compel Response to Interrogatories*, p. 7. Plaintiffs also argue that it will be more burdensome for plaintiffs to derive the answers to the interrogatories because the documents produced use industry terms and abbreviations that are not familiar to lay persons. *Id.* Defendants respond that they "have provided the documents requested by Plaintiffs in an organized manner with specificity as to which interrogatory each document responds." ECF 99, p. 16. Defendant argue that, because the documents have "been marked individually," plaintiffs should be able to locate and identify the documents as readily as could defendants. *Id.* at p. 17.

Plaintiffs have identified numerous interrogatories to which defendants responded by referring to documents previously produced in discovery. *See* ECF 93, Exhibit G. Three of these interrogatories were actually answered without referring to prior document productions. *See* ECF 40-4, pp. 10-11 (C4R'S LLC's Interrogatories Nos. 13, 14, 15, referring to defendants' response to Trimbur Interrogatory No. 1); ECF 40-2, pp. 4-5 (defendants' response to

15

Trimbur Interrogatory No. 1).  Defendants responded to the remaining interrogatories by referring to documents previously produced in response to document requests.  Defendants argue that they complied with Rule 33(d) because they identified the document production that contains the documents that will allow plaintiffs to determine for themselves the answers to their interrogatories.  The Court disagrees.

Although defendants' answers often refer to documents produced in response to particular document requests, *see e.g.*, ECF 40-4, pp. 2-3 (Response to C4R's LLC's Interrogatory No. 1: "see documents produced in response to Plaintiffs' Request for Production of Documents Request No. 14), other answers simply refer generally to all documents produced by defendants.  *See e.g.*, ECF 40-3 (Response to Kyron Tool & Machine Co., Inc.'s Interrogatory No. 1: "see documents produced in response to Plaintiffs' Request for Production of Documents including, in particular, Request No. 1.").  Defendants argue that they labeled every document and provided a list of documents produced in every production, but they did not actually identify relevant documents by document number, and the list of documents establishes that defendants failed to adequately specify which records should be reviewed by plaintiffs.  The list of documents responsive to request for production No. 1, for example, details 11 different categories of documents, including documents titled train diagram, consist, train tonnage profile, Columbus Division of Fire Report, dispatcher's even information, derailment/rail equipment report, block consist, FM-2090, Lake Division Timetable, System Timetable, Switch List.  ECF 59-7.

The list of documents responsive to request for production 19 refers to 14 categories of documents.  ECF 59-11.  Plaintiffs complain that defendants produced hundreds of documents in response to the referenced requests.  *See* ECF 65, p. 3.  Although this number is not inherently impermissible, defendants must specify the records to be reviewed "in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could." Fed. R. Civ. P. 33(d)(1).  Defendants failed to do so here. Defendants must therefore supplement their responses to Kyron Tool & Machine Co., Inc.'s Interrogatories Nos. 1, 2, 3, 4, 5, 6, and 8, C4R'S LLC's Interrogatories Nos. 1, 2, and 3, and Trimbur's Interrogatories Nos. 2 and 3.

C4R'S LLC's Interrogatories Nos. 16, 17, and 18 and Trimbur's Interrogatory No. 10 seek information related to expenses incurred by defendants in connection with the cleanup and remediation after the train derailment.  Defendants object to these requests on the basis that they seek information related to both the north and south embankments.  ECF 59, p. 18; ECF 99, p. 20.  As noted *supra*, the Court previously determined that discovery related to the contamination and remediation of the south embankment is relevant to plaintiffs' claims. *See Opinion and Order*, ECF 52, pp. 8-9.  Defendants must therefore respond to C4R'S LLC's Interrogatories Nos. 16, 17, and 18 and Trimbur's Interrogatory No. 10.

Plaintiffs seek to compel response to C4R'S, LLC's Interrogatories Nos. 4, 5, 6, 7, 8, 9, 10, and 12. According to

plaintiffs, defendants previously deferred substantive response pending further investigation but that defendants have never supplemented their answers. *Motion to Compel Response to Interrogatories*, p. 8, Exhibit H. Defendants cite to Rule 26(e), and argue that they are not required to supplement their responses because "additional or corrective information has . . . otherwise been made known" to plaintiffs through discovery responses, motions to compel, and depositions. ECF 98, pp. 17-18.

Rule 26(e) provides the procedure for supplementing responses to interrogatories:

> A party . . . who has responded to an interrogatory . . . must supplement or correct its disclosure or response:
>
> **(A)** in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing; or
>
> **(B)** as ordered by the court.

Fed. R. Civ. P. 26. Defendants' reliance on Rule 26(e) is misplaced. Rule 26(e) provides the procedure to supplement interrogatory responses once a party "has responded to an interrogatory." The interrogatories at issue were originally propounded on August 2, 2013, and defendants responded by stating that they would investigate and supplement their responses. Defendants neither provided substantive response to plaintiffs' interrogatories nor supplemented their responses. Rule 26(e) therefore does not apply. Whether plaintiffs could have obtained the information requested through other means of discovery is inconsequential. Defendants must therefore supplement

their responses to C4R'S, LLC's Interrogatories Nos. 4, 5, 6, 7, 8, 9, 10, and 12.

Plaintiffs next seek to compel response to Trimbur's Interrogatories Nos. 4, 5, 6, 7, and 8.  These interrogatories seek "Defendants' opinion with regard to why in certain areas of the area defined as the derailment site" "surface water is discolored," "vegetation fails to grow," "foul odors permeate the area," "numerous animals have died after exposure to the area," and "ill health and symptoms requiring hospitalizations have resulted from exposure to the area." *Motion to Compel Response to Interrogatories*, Exhibit I; ECF 40-2, pp. 6-7.  Defendants objected to the interrogatories as "Vague. Ambiguous.  Assumes facts not evidence [sic].  Requires an expert opinion." *Id*.  Plaintiffs cite to Rule 33(a)(2) and argue that the interrogatories are not objectionable merely because they ask for an opinion.

The Court agrees that these interrogatories are unreasonably vague.  The interrogatories ask for defendants' opinion about water discoloration, vegetation, odors, animal deaths, and the health of unidentified individuals in unspecified parts of the derailment site, which spans a two mile radius of the site where the train derailment occurred.  *See* ECF 43-1, p. 54. Defendants need not further respond to these interrogatories.

Plaintiffs seek to compel response to C4R'S LLC's Interrogatory No. 11:

> For each instance during the past ten years that freight or
> tanker cars in a Norfolk Southern train derailed, ruptured,

exploded or experienced any sort of spillage therefrom, including but not limited to Norfolk Southern trains that included one or more ethanol tanker car, DOT-111 tanker car, or tanker or freight car transporting styrene, state with specificity when and where each such incident occurred and describe with specificity what solids, liquids, hazardous materials, petroleum materials, chemicals, or chemical compounds exploded or spilled in each such incident.

ECF 40-4, pp. 8-9. Defendants objected on numerous grounds, including relevancy and overbreadth. Plaintiffs argue that the requested information is relevant because it involves "accidents similar to the one that occurred on Plaintiffs' property, involving similar cargo and the same model tanker car." *Motion to Compel Response to Interrogatories*, pp. 8-9. The Court agrees that this interrogatory is overly broad and not reasonably calculated to lead to the discovery of admissible evidence. First, the request is much broader than plaintiffs suggest; the request is not limited in any way to train derailments similar to the derailment in this case, nor is it limited to accidents involving similar cargo or the same model tanker car. Moreover, plaintiffs have not explained how the location, date, and quantity and types of materials spilled from every train accident in the previous ten years is relevant to this action.

Plaintiffs also seek to compel substantive response to interrogatories to which defendants asserted "boilerplate objections." *Motion to Compel Response to Interrogatories*, p. 7. According to plaintiffs, defendants failed to state with specificity the grounds for their objections, how the discovery requests were deficient, and how defendants would be harmed if forced to respond to the requests.

*Id.* Plaintiffs' arguments are not well taken.   Notably, defendants objected to the remaining interrogatories at issue, but they also provided answers over their objections.  *See* ECF 40-3, pp. 8, 11-15 (Kyron Tool & Machine Co., Inc.'s Interrogatories Nos. 7, 10, 13, 14, 15, 19, 20); ECF 40-2, pp. 7-8 (Trimbur's Interrogatory No. 9); ECF 40-4, pp. 10-11 (C4R'S LLC's Interrogatories Nos. 13, 14, and 15). Defendants did not provide a substantive answer to Kyron Tool & Machine Co. Inc.'s Interrogatory No. 9, but their objection specifically stated that the interrogatory was "[u]nclear as to the meaning of 'these records' and train manifests.'"  ECF 40-3, p. 9. Plaintiffs have not addressed this objection.

        Plaintiffs have also asked that they be awarded sanctions, including their attorney's fees, in connection with their motions to compel.  A court must ordinarily award a movant's reasonable expenses incurred in filing a motion to compel, including attorney's fees, if the motion to compel is granted.  Fed. R. Civ. P. 37(a)(5)(A).  Where, as here, the motion is granted in part and denied in part, a court is authorized to "apportion the reasonable expenses for the motion." Fed. R. Civ. P. 37 (a)(5)(C).  A court is vested with wide discretion in determining an appropriate sanction under Rule 37.  *Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639 (1976); *Reg'l Refuse Sys. v. Inland Reclamation Co.,* 842 F.2d 150, 154 (6th Cir. 1988). Considering that plaintiffs' motions were untimely and that the parties prevailed in approximate equal degree, the Court concludes that an award of sanctions would be inappropriate.

**WHEREUPON**, based on the foregoing, plaintiffs' motions to compel, ECF 92, 93, are **GRANTED in part** and **DENIED in part**.

Defendants are **ORDERED** to respond to plaintiffs' Second Joint Request for Production of Documents No. 1 within seven (7) days.

Defendants must respond to or supplement their responses to Kyron Tool & Machine Co., Inc.'s Interrogatories Nos. 1, 2, 3, 4, 5, 6, and 8, C4R'S LLC's Interrogatories Nos. 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 12, 16, 17, and 18, and Trimbur's Interrogatories Nos. 2, 3, and 10 within twenty-eight (28) days.

In all other respects, plaintiffs' motions are **DENIED.**

Plaintiffs' request for an award of sanctions is **DENIED.**

Considering that the deadlines for discovery and dispositive motions have passed, plaintiffs' motions to compel were untimely, and a trial date has already been set, the Court will not permit discovery to be reopened on the basis of the discovery materials obtained as a result of this order.

Defendants filed a motion for summary judgment, ECF 90, on November 21, 2014, to which plaintiffs have filed a response.  ECF 107.  Defendants have filed an unopposed motion, ECF 111, seeking to extend until February 5, 2015 the deadline to file a reply.  In light of the foregoing, defendants may have until February 17, 2015 to file their reply.  If plaintiffs conclude that they must supplement their response as a result of discovery ordered herein, they may have until March 13, 2015 to file a supplemental response to the motion.

Defendants may then have until March 30, 2015 to file a supplemental reply.

Defendants filed a motion for partial summary judgment, ECF 106, on December 30, 2014.  Upon unopposed motion, ECF 110, plaintiffs may have until February 6, 2015, to file a response to defendants' motion for partial summary judgment.

The Clerk is **DIRECTED** to remove ECF 92, 93, 110, and 111 from the Court's pending motions list.


January 16, 2015                               *s/Norah McCann King*_____
                                       Norah M$^c$Cann King
                                       United States Magistrate Judge