```
              IN THE UNITED STATES DISTRICT COURT
               FOR THE SOUTHERN DISTRICT OF OHIO
                         EASTERN DIVISION
```

**RENEE K. TRIMBUR,** *et al.***,**

      **Plaintiffs,**

  vs.                                       Civil Action 2:13-cv-0160
                                             Judge Sargus
                                             Magistrate Judge King

**NORFOLK SOUTHERN CORPORATION,**
*et al.***,**

      **Defendants.**

### OPINION AND ORDER

**I.  Background**

    Renee K. Trimbur, the Kyron Tool & Machine Co., Inc., and C4R'S, LLC, filed this action against Norfolk Southern Corporation and Norfolk Southern Railway Company, asserting claims of negligence, gross negligence, negligence *per se*, strict liability, nuisance, and trespass in connection with a train derailment adjacent to property owned or leased by the plaintiffs. *Complaint*, ECF 2.  Several of the derailed cars ruptured, causing explosions and fires and releasing allegedly hazardous materials into the air and soil. *Id.* at ¶¶ 8, 10. Plaintiffs claim that the release of these materials contaminated their property and other properties near the track, including an embankment controlled by one or both defendants. *Id.* at ¶ 12. Plaintiffs allege that, although defendants remediated these

1

properties, plaintiffs' property remains unusable. *Id.* at ¶ 13.[1]

On November 21, 2014, plaintiffs filed a second renewed motion to compel responses to interrogatories, including Trimbur's Interrogatories Nos. 2 and 3, and C4R's LLC's Interrogatories Nos. 16, 17, and 18, which were originally propounded on August 2, 2013. *Plaintiffs' Second Renewed Motion to Compel*, ECF 93, p. 2. Plaintiffs argued that, in response to several interrogatories, including Trimbur's Interrogatories Nos. 2 and 3, defendants improperly referred to documents instead of providing narrative answers. Plaintiffs specifically argued that defendants failed to comply with Rule the Federal Rules of Civil Procedure because they failed to specify the records to be reviewed in detail sufficient to enable plaintiffs to locate and identify them as readily as could defendants. *Id*. at p. 7. The Court agreed and concluded that defendants had failed to "specify the records to be reviewed 'in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could.'" *Opinion and Order*, ECF 112, pp. 14-17 (quoting Fed. R. Civ. P. 33(d)(1)). The Court therefore ordered defendants to "supplement their responses to [numerous interrogatories, including] Trimbur's Interrogatories Nos. 2 and 3." *Id*. at p. 17.

C4R's LLC's Interrogatories Nos. 16, 17, and 18 sought

---

[1] On August 10, 2015, the Court granted in part and denied in part defendants' *Motion for Summary Judgment*, ECF 90. *Opinion and Order*, ECF 133. Specifically, the Court denied the motion in connection with plaintiffs' claims of private qualified nuisance and certain negligence claims, and plaintiffs' trespass claims. *Id.*

2

information related to expenses incurred by defendants in connection with the cleanup and remediation after the train derailment. Defendants objected to these requests on the basis that they sought information related to both the north and south embankments. ECF 59, p. 18; ECF 99, p. 20. The Court noted its previous determination "that discovery related to the contamination and remediation of the south embankment is relevant to plaintiffs' claims," and ordered defendants to "respond to C4R'S LLC's Interrogatories Nos. 16, 17, and 18." *Opinion and Order*, ECF 112, p. 17. Defendants were required to respond to or supplement their responses within twenty-eight (28) days of the Court's January 16, 2015 order. *Id*. at pp. 22-23.

This matter is now before the Court on *Plaintiffs' Motion to Impose Sanctions* ("*Plaintiffs' Motion*"), ECF 125. Plaintiffs argue that defendants "have failed to comply with this Court's January 16, 2015 Opinion and Order compelling them to supplement their responses to Plaintiff C4R'S LLC's [] Interrogatories Nos. 16, 17, and 18 and Plaintiff Renee K. Trimbur's Interrogatories Nos. 2 and 3." *Id*. at p. 1. Plaintiffs seek the following sanctions:

> (1) An order establishing that, for the purposes of this action, as a direct consequence of the train derailment, spillages, explosions, fires, and inadequate remediation, people who spent time in the area (which includes Plaintiffs' property) impacted by the above became ill or suffered medical issues;

> (2) An order prohibiting Defendants from contesting the Plaintiffs' claims that, as a direct consequence of the train derailment, spillages, explosions, fires, and inadequate remediation, people who spent time in the area (which includes Plaintiffs' property) impacted by the above became ill or suffered medical issues;

3

(3) An order dismissing Plaintiffs' Motion for Summary Judgment as it relates to any claims that individuals who spent time in the area (which includes Plaintiffs' property) impacted by the train derailment, spillages, explosions, fires, and inadequate remediation became ill or suffered medical issues;

(4) An order finding Defendants to be in contempt of court, and the imposition of any sanctions this Court deems appropriate for such contempt;

(5) Payment of any and all expenses incurred by Plaintiffs, including attorneys' fees, caused by the failure of Defendants to comply with this Court's order; and

(6) Any other relief that this Court deems equitable.

*Id.* at pp. 1-2. Defendants oppose *Plaintiffs' Motion*, *Defendants' Response*, ECF 131, and plaintiffs have filed a reply. *Plaintiffs' Reply*, ECF 132. This matter is now ripe for consideration.

**II. Standard**

Rule 37(b) of the Federal Rules of Civil Procedure authorizes the imposition of sanctions in connection with a party's "fail[ure] to obey an order to provide or permit discovery." Fed. R. Civ. P. 37(b)(2)(A). A court may issue such orders as are just, including, *inter alia*, "treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination." Fed. R. Civ. P. 37(b)(2)(A)(vii). "Contempt proceedings enforce the message that court orders and judgments are to be complied with in a prompt manner." *Elec. Workers Pension Trust Fund v. Gary's Elec. Serv. Co.*, 340 F.3d 373, 378-79 (6th Cir. 2003) (citing *NLRB v. Cincinnati Bronze, Inc.,* 829 F.2d 585, 590 (6th Cir. 1987)). To hold a party in contempt, the movant must "prove by clear and convincing evidence that the party to be held in contempt violated a court

4

order." *United States v. Conces*, 507 F.3d 1028, 1041-42 (6th Cir. 2007) (citing *Grace v. Ctr. for Auto Safety*, 72 F.3d 1236, 1241 (6th Cir. 1996)). *See also Elec. Workers Pension Trust Fund*, 340 F.3d at 379. "Once the movant establishes his prima facie case, the burden shifts to the contemnor who may defend by coming forward with evidence showing that he is *presently* unable to comply with the court's order." *Elec. Workers Pension Trust Fund*, 340 F.3d at 379 (emphasis in original) (citing *United States v. Rylander,* 460 U.S. 752, 757 (1983)). "To meet this production burden in this circuit 'a defendant must show categorically and in detail why he or she is unable to comply with the court's order.'" *Id.* (quoting *Rolex Watch U.S.A., Inc. v. Crowley,* 74 F.3d 716, 720 (6th Cir. 1996)). A court must also consider whether the party "'took all reasonable steps within [his] power to comply with the court's order.'" *Id.* (quoting *Peppers v. Barry*, 873 F.2d 967, 969 (6th Cir. 1989)).

**III. Discussion**

Plaintiffs argue that defendants failed to comply with the Court's January 16, 2015 discovery order, which required defendants to "supplement their responses to . . . Trimbur's Interrogatories Nos. 2 and 3" and "respond to C4R'S LLC's Interrogatories Nos. 16, 17, and 18." *Opinion and Order*, ECF 112, p. 17, 22-23. As noted *supra*, defendants produced documents in response to numerous interrogatories, but failed to "specify the records to be reviewed 'in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could.'" *Opinion and Order*, ECF

5

112, pp. 14-17 (quoting Fed. R. Civ. P. 33(d)(1)). The Court ordered defendants to "supplement their responses to [these interrogatories]." *Id.* at p. 17. Trimbur's Interrogatories Nos. 2 and 3 were included in the list of interrogatories that required supplementation. *Id.* Although defendants supplemented their responses on February 13, 2015, plaintiffs argue that defendants' supplementation failed to comply with the Court's January 16, 2015 discovery order.

Defendants originally responded to Trimbur's Interrogatories Nos. 2 and 3 as follows:

> Interrogatory No. 2: If any person in Interrogatory 1 above or any other person, based on his or her presence at the area defined as the derailment site during the post derailment period, contacted you regarding any medical issue or illness, informed you of any medical issue or illness, requested or took sick or medical leave, filed any lawsuit, or filed any workman's compensation or disability claim, then, with regard to any such contact, information, taking of sick or medical leave, or filing: (a) identify the person, (b) the type of claim, request, demand, or lawsuit, and (c) the date of such.
>
> Answer Interrogatory No. 2: Objection. Vague, ambiguous. See also objections and response to No. 1 above. Without waiving these objections, and subject thereto, see Defendant's response to Request for Production #15.
>
> Interrogatory No. 3: Identify any person who resided in, worked in, or was employed in the area defined as the derailment site who reported or notified you of any illness or medical issues during the post-derailment period.
>
> Answer Interrogatory No. 3: Objection. See objections and responses to Nos. 1 & 2 above.

ECF 93-6, pp. 21-22. Defendants supplemented their responses to Trimbur's Interrogatories Nos. 2 and 3 as follows:

> Answer Interrogatory No. 2: Without waiving all prior objections set forth in Defendants' previous Response, and subject thereto, Defendant is not aware of any such claims

6

> related to alleged exposure to chemicals or other materials at the derailment site made by either Norfolk Southern personnel or first responders who were present at the derailment site. Further responding, Defendant is not aware of any claimant (including Plaintiff Renee Trimbur) who has submitted a claim in which they provided medical records supporting a causal connection between any medical issue or illness and the derailment other than claimant Milton Jones who allegedly incurred flash burns which may have resulted from his proximity to the derailment site when one or more of the tank cars caught fire.
>
> . . .
>
> Answer Interrogatory No. 3: Without waiving all prior objections set forth in Defendants' previous Response, and subject thereto, Defendant is not aware of any such claims related to alleged exposure to chemicals or other materials at the derailment site made by either Norfolk Southern personnel or first responders who were present at the derailment site. Further responding, please see Defendants' Supplement Response to Trimbur's Interrogatory No. 2 above.

*Plaintiffs' Motion*, Exhibit A, at *PAGEID* 5561-62. Plaintiffs argue that defendants failed to comply with the Court's order because these supplemented responses failed to provide "the identities of any and all persons who resided in, worked in, or were employed in the area defined as the derailment site who reported or notified Defendants of any illness or medical issues during the post-derailment period." *Id*. at pp. 6-7. Plaintiffs argue that, rather than answering the interrogatories, defendants improperly "subdivide[d] any person who [met] these descriptions into those suffering medical consequences 'not due to exposure' and those suffering 'long-term exposure' or 'on-going exposure.'" *Id*.

Defendants argue that, although the Court's order required defendants to specify records to be reviewed in response to Trimbur's

7

Interrogatories Nos. 2 and 3, defendants contends that they never actually produced documents in response to these interrogatories. Defendants' original response to Trimbur's Interrogatories Nos. 2 and 3 referenced Request for Production No. 15 "only because information was provided there concerning the lack of claims by Norfolk Southern personnel and/or first responders." *Defendants' Response*, pp. 9-10. Defendants take the position that they complied with the Court's order and "re-examined the documents produced to ensure there were no previously produced documents that were responsive to these Interrogatories that should be more specifically referenced," but found none. *Id*. at p. 10. Defendants nevertheless made supplemental interrogatory responses, "[e]ven though Defendants were not required to further respond to these two Interrogatories pursuant to the Court's January 16, 2015 Order because there were no documents to specifically identify." *Id*. Defendants also argue that Trimbur's Interrogatories Nos. 2 and 3 "are overly broad, vague and ambiguous, and request information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence." *Id*. at p. 11.

Discovery in this case has been protracted. *See e.g.*, *Opinion and Order*, ECF 112, pp. 1-2. *Plaintiffs' Second Renewed Motion to Compel* was untimely and plaintiffs failed to establish good cause to amend the scheduling order to permit the late filing. *See id*. at pp. 7-10. The Court nevertheless considered *Plaintiffs' Second Renewed Motion to Compel*. With regard to Trimbur's Interrogatories Nos. 2 and

8

3, as well as 10 other interrogatories, the Court found that defendants had produced documents in response to the interrogatories but had failed to specify in sufficient detail the documents that were responsive to each interrogatory. *Id*. at pp. 16-17. This finding was based on representations made by plaintiffs; the parties did not provide defendants' actual response to Request for Production No. 15 when they briefed *Plaintiffs' Second Renewed Motion to Compel*. It is now clear that defendants never actually produced documents in response to Trimbur's Interrogatories Nos. 2 and 3.[2] Under these circumstances, the Court concludes that plaintiffs' request for sanctions in connection with defendants' supplemented response to Interrogatories Nos. 2 and 3 is without merit.

Plaintiffs next argue that defendants violated the Court's discovery order by refusing to produce the information requested by C4R'S LLC's Interrogatories Nos. 16, 17, and 18. As discussed *supra*, these interrogatories sought information related to expenses incurred by defendants in connection with the cleanup and remediation after the train derailment. Defendants objected to these requests on the basis that they sought information related to both the north and south embankments. ECF 59, p. 18; ECF 99, p. 20. The Court noted its

---

[2] Defendants' response to Request for Production No. 15 reads as follows:
   **RESPONSE:** Objection. See objections set forth in response to Nos. 1 and 11 above, which are incorporated herein by reference as if fully rewritten. *Without waiving these objections and subject thereto, Defendant is not aware of any such claims related to alleged exposure to chemicals or other materials at the derailment site made by either Norfolk Southern personnel or first responders who were present at the derailment site.*
*Defendants' Response*, p. 9.

previous determination "that discovery related to the contamination and remediation of the south embankment is relevant to plaintiffs' claims," and ordered defendants to "respond to C4R'S LLC's Interrogatories Nos. 16, 17, and 18." *Opinion and Order*, ECF 112, p. 17.  Defendants responded as follows:

> Interrogatory No. 16: What is the total dollar amount of Defendants' expenditures to date with regard to clean up or remediation efforts?
>
> Answer Interrogatory No. 16: Without waiving all prior objections set forth in Defendants' previous Response, to the best of Defendants' knowledge, Defendants are not aware of any particular person or department that has determined a total dollar amount of Defendants' expenditures to date with regard to clean-up or remediation efforts.  Further responding, please see documents produced in response to Plaintiffs' Request for Production of Documents including, in particular, those Bates stamped as #001132-001207 and 003014-003817.  Please also see invoices produced by SWS pursuant to subpoena.
>
> Interrogatory No. 17: For any expenditures described in your answer to Interrogatory No. 16, to whom was each individual expenditure paid?
>
> Answer Interrogatory No. 17: Without waiving the objections set forth in Defendants' prior Response to this Interrogatory, all contractors and subcontractors identified in Defendants' discovery responses received payment for their services rendered.  By way of information and belief, this would include, but not be limited to SWS Environmental Services, URS, Test America, Arcadis, and CTEH.  Further, by way of information and belief, some sub-contractors who worked at the derailment site may have been retained by and paid by a contractor such as SWS.  Payment was also made to the Ohio EPA pursuant to Ohio Revised Code §3745.12(B).  Further responding, please see Defendants' Supplemental Response to C4R'S Interrogatory No. 16, above, which is incorporated here as if fully rewritten.
>
> Interrogatory No. 18: For any expenditures described in your answer to Interrogatory No. 16, what was the nature or purpose of each such expenditure (*e.g.*, whether such expenditure is compensation to third parties, was made in connection with sampling, testing or assessments, or was

10

> made for hauling, diluting, the use of waste sites or for disposal costs)?
>
> Answer Interrogatory No. 18: Without waiving the objections set forth in Defendants' prior Response to this Interrogatory, and subject thereto, see Defendants' Supplemental Responses to C4R'S, LLC Interrogatories Nos. 16 and 17, which are incorporated here as if fully rewritten. Further responding, Defendants believe the involvement of these entities is generally known to Plaintiff through other discovery, including the depositions of Michael Connelly and Bryan Martin.

*Plaintiffs' Motion*, Exhibit A, at *PAGEID* 5559-60. Plaintiffs argue that defendants' responses are deficient because defendants failed to provide information on the total expenditures incurred in connection with clean up or remediation efforts after the train derailment.

Defendants represent that they attempted "to identify an accounting summary or some other record that would detail or summarize the costs of clean-up and remediation," but that no such accounting had been performed. *Defendants' Response*, pp. 13-14. Accordingly, defendants argue, "without a document or documents summarizing the costs of clean-up and remediation, it was unduly burdensome to respond to these requests as it would have been necessary to somehow identify and then review *many* invoices." *Id*. at p. 14 (emphasis in original). Nevertheless, after "considerable additional work . . . , Defendants were able to create a 'miscellaneous billing record' ('MRB') and an 'environmental comprehensive tracking' record ('ECT')." *Id*. at pp. 14-16. Defendants produced these documents to plaintiffs on the day that they filed *Defendants' Response*. Under these circumstances, the Court concludes that an award of sanctions would be unjust.

WHEREUPON *Plaintiffs' Motion to Impose Sanctions*, ECF 125, is

**DENIED.**

September 28, 2015                              *s/Norah McCann King*
                                                    Norah M<sup>c</sup>Cann King
                                            United States Magistrate Judge