UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

RENEE K. TRIMBUR, et al.,

    Plaintiffs,

v.

NORFOLK SOUTHERN RAILWAY
COMPANY, et. al.,

    Defendants.

Case No. 2:13-cv-0160
CHIEF JUDGE EDMUND A. SARGUS, JR.
Magistrate Judge Norah McCann King

## OPINION AND ORDER

This matter is before the Court on Defendants Norfolk Southern Rail Company and Norfolk Southern Corporation's (collectively, "Defendants") Motion to Bifurcate Plaintiff's Punitive Damage and Attorney Fee Claims and to Reconsider the Court's Decision Denying Defendants' Motion for Summary Judgment on the Punitive Damage and Attorney Fee Claims (ECF No. 139), and Defendants' Motion in Limine to Exclude Evidence Regarding Financial Condition (ECF No. 163).

Plaintiffs Renee Trimbur, The Kyron Tool & Machine Co., Inc., and C4R's LLC (collectively, "Plaintiffs") do not oppose Defendants' request to bifurcate the punitive damage and attorney fee claim (*See* ECF No. 166).  The Motion to Reconsider the Court's Summary Judgment on the Punitive Damage and Attorney Fee Claims and Motion in Limine to Exclude Evidence Regarding Financial Condition are opposed (*See* ECF Nos. 167, 185).

Defendants move the Court, pursuant to Ohio Revised Code § 2315.21 (B), for bifurcation of the compensatory and punitive damages and attorney fees claims.  In relevant part, § 2315.21(B) states:

> (B)(1) In a tort action that is tried to a jury and in which a plaintiff makes a claim for compensatory damages and a claim for punitive or exemplary damages, upon the motion of any party, the trial of the tort action shall be bifurcated as follows:
>
> > (a) The initial stage of the trial shall relate only to the presentation of evidence, and a determination by the jury, with respect to whether the plaintiff is entitled to recover compensatory damages for the injury or loss to person or property from the defendant. During this stage, no party to the tort action shall present, and the court shall not permit a party to present, evidence that relates solely to the issue of whether the plaintiff is entitled to recover punitive or exemplary damages for the injury or loss to person or property from the defendant.
> >
> > (b) If the jury determines in the initial stage of the trial that the plaintiff is entitled to recover compensatory damages for the injury or loss to person or property from the defendant, evidence may be presented in the second stage of the trial, and a determination by that jury shall be made, with respect to whether the plaintiff additionally is entitled to recover punitive or exemplary damages for the injury or loss to person or property from the defendant.

Defendants also seek to exclude any evidence of their financial condition (ECF No. 163). As this Court has recognized, where a plaintiff seeks to recover punitive damages, evidence of the financial condition of the defendant is highly relevant. *U.S. v. Matusoff Rental Co.*, 204 F.R.D. 396, 399 (S.D. Ohio 2001) (*citing City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 270 (1981) (noting that, under federal law, evidence of a defendant's financial worth is traditionally admissible for the purpose of evaluating the amount of punitive damages that should be awarded)); *United States v. Big D Enterprises, Inc.*, 184 F.3d 924, 932 (8th Cir. 1999) (same).

Therefore, in compliance with O.R.C. § 2315.21 (B) and *Matusoff*, trial on the issues of the valuation of punitive damages and attorney fees, shall be bifurcated, while heard by the same jury. If one or more or all of the defendants are found to be liable and the jury also finds the requisite degree of culpability permitting an award of punitive damages, then in the second phase the jury will consider evidence relevant solely to the issue of punitive damages, such as financial

2

condition of the Defendants. Of course, Plaintiffs have the burden of proof on the issue of punitive damages, which the Court will consider whether met at the conclusion of the first phase. This does not preclude Plaintiffs from presenting evidence of willfulness during the trial on liability, as such evidence is necessary in order to have the issue of the valuation of punitive damages presented to the jury. This manner of bifurcation will help prevent jury confusion, while not inconveniencing and prejudicing the parties or wasting scarce judicial resources. *See Matusoff*, 204 F.R.D. at 401. It will also avoid the possibility of prejudice that could result from the introduction of evidence, such as the financial condition of the Defendants, which, although relevant to the potential second phase, is irrelevant on liability.

Defendants also ask the Court to reconsider its decision to deny summary judgment because, as they see it, "[t]he facts giving rise to this litigation do not provide the required foundation upon which Plaintiffs can argue that NSRC acted with malice or egregious fraud." (ECF No. 139, at 8). This Court, however, disagrees. The Court declines to reconsider this assessment any further.

Pursuant to the above, Defendants' Motion to Bifurcate Plaintiff's Punitive Damage and Attorney Fee Claims and to Reconsider the Court's Decision Denying Defendants' Motion for Summary Judgment on the Punitive Damage and Attorney Fee Claims (ECF No. 139) is **GRANTED in part and DENIED in part**. Defendants' Motion in Limine to Exclude Evidence Regarding Financial Condition (ECF No. 163) is **DENIED as moot**.

IT IS SO ORDERED.

____3-2-2016____  
DATE

_____  
EDMUND A. SARGUS, JR.  
UNITED STATES DISTRICT CHIEF JUDGE

3